IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHERELLE R.,**[1]

      **Plaintiff,**

v.

      Civil Action 2:23-cv-2085
      Judge Sarah D. Morrison
      Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF
SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Cherelle R., brings this action under 42 U.S.C. § 405(g) for review of a decision of the Commissioner of Social Security (the "Commissioner") denying her application for Social Security Supplemental Security Income benefits ("SSI"). This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 10), Plaintiff's Reply (ECF No. 11), and the administrative record (ECF No. 7). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

I. BACKGROUND

Plaintiff filed her application for SSI on July 28, 2021, alleging that she has been disabled since October 16, 2007, due to her bi-polar disorder, mood disorder, anxiety, depression, schizophrenia, and insomnia. (R. at 296-303, 317.) Plaintiff's application was denied initially in November 2021, and upon reconsideration in January 2022. (R. at 191-211, 223-28.) Plaintiff then sought a *de novo* hearing before an administrative law judge. (R. at 229-47.) On June 30, 2022, administrative law judge Matthew Winfrey (the "ALJ") held a telephone hearing, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 51-74.) A vocational expert also appeared and testified. (*Id.*) On August 26, 2022, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 34-50.) The Appeals Council then denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 5-11.)

II. RELEVANT RECORD EVIDENCE

The Undersigned has thoroughly reviewed the transcript in this matter, including Plaintiff's medical records, function and disability reports and testimony as to her conditions and resulting limitations. Given the claimed errors raised by the Plaintiff, rather than summarizing that information here, the Undersigned will refer and cite to it as necessary in the discussion of the parties' arguments below.

III. ADMINISTRATIVE DECISION

On August 26, 2022, the ALJ issued the non-disability determination. (R. at 34-50.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive

2

substantially gainful activity since July 28, 2021, the application date. (R. at 39.) He found that Plaintiff had the following severe impairments: mood disorder; bipolar disorder; and anxiety disorder. (*Id.*) He concluded, however, that Plaintiff's impairments are not of a severity that medically meets or equals the severity of any impairments listed in Part B of Appendix 1 to Subpart P, 20 C.F.R. Part 404. (R. at 40.) Then, before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC"), in pertinent part, as follows:

> [Plaintiff] has the residual functional capacity to perform full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is limited to perform work that is not at a production rate pace, such as one has with assembly line work; can tolerate occasional interactions with supervisors and coworkers; no interaction with the public; interactions would be superficial meaning interactions would be limited to the straightforward exchange of information, without negotiation, persuasion, conflict resolution, close teamwork, tandem work, or over the shoulder supervision; can tolerate occasional changes in duties and the work setting.

(R. at 41.) At step four, the ALJ determined that Plaintiff has no past relevant work. (R. at 45.) Then, at step five, relying on the VE's testimony, the ALJ concluded that Plaintiff can perform jobs that exist in significant numbers in the national economy such as a laundry worker, or as a

---

finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

3

dishwasher/dining room attendant.  (*Id.*)  The ALJ therefore concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since July 28, 2021, the date the application was filed.  (R. at 46.)

IV. **STANDARD OF REVIEW**

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives [Plaintiff] of a substantial right.'"

4

*Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

V.   **ANALYSIS**

In her Statement of Errors, Plaintiff sets forth two assignments of error: first, that the ALJ failed to properly evaluate the opinion evidence of record, and second, that the ALJ improperly created a definition of "superficial interaction." (ECF No. 8 at PAGEID ## 1531-1537.) As discussed below, the Undersigned finds Plaintiff's first assignment of error to be well taken. This finding obviates the need for in-depth analysis of the remaining issue. Thus, the Undersigned need not, and does not, resolve the alternative basis that Plaintiff asserts support reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's other arguments if appropriate.

Regarding Plaintiff's first assignment of error, the governing regulations include a section entitled "[h]ow we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017." 20 C.F.R. § 416.920c. These regulations provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 416.920c(a). Instead, they provide that an ALJ will consider medical source opinions and prior administrative findings using five factors: supportability, consistency, relationship of source to claimant, specialization, and other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(c)(1)–(5).

The regulations explicitly indicate that the "most important factors" to consider are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Indeed, the regulations require an

ALJ to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings" in a benefits determination or decision and allows that the ALJ "may, but [is] not required to, explain how [they] considered" the other factors. 20 C.F.R. § 416.920c(b)(2). If, however, two or more medical opinions or prior administrative medical findings are equal in supportability and consistency "but are not exactly the same," an ALJ must also articulate the other most persuasive factors. 20 C.F.R. § 416.920c(b)(3). In addition, when medical sources provide multiple opinions or multiple prior administrative findings, an ALJ is not required to articulate how he evaluated each opinion or finding individually but must instead articulate how he considered the opinions or findings from that source in a single analysis using the five factors described above. 20 C.F.R. § 416.920c(b)(1). Finally, the regulations explain that the SSA is not required to articulate how it considered evidence from non-medical sources. 20 C.F.R. § 416.920c(d).

The applicable regulations provide the following guidance for how ALJs should evaluate the "supportability" and "consistency" of medical source opinions and prior administrative findings:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2). In practice, this means that the "supportability" factor "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other

6

objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, No. 5:20-CV-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citing SSR 96-2p, 1996 SSR LEXIS 9 (July 2, 1996) (explaining supportability and inconsistency); 20 C.F.R. § 416.927(c)(3), (4) (differentiating "supportability" and "consistency"); 20 C.F.R. § 416.920c(c)(1), (2) (further clarifying the difference between "supportability" and "consistency" for purposes of the post-March 27, 2017 regulations)).

Against that background, Plaintiff takes aim at the ALJ's three (3) sentence discussion of the consistency and supportability of the opinion evidence from Shannon Scott, NP, which reads in its entirety as follows:

> The assessment of Shannon Scott, NP, is not generally persuasive. The assessment as to serious limitations to "no useful ability to function" in various areas is not supported by [Plaintiff's] conservative treatment, largely normal mental status examinations, or her noted improvement with medications. This appears to be based more on [Plaintiff's] subjective reports rather than clinical findings and treatment history.

(R. at 44 (internal citation omitted).) Plaintiff argues that this analysis "was not adequate" because "at best, [the ALJ] engaged in a cursory declaration of how Ms. Scott's opinion were inconsistent with other medical evidence" and "the supportability factor was not even discussed." (ECF No. 8 at PAGEID # 1533-1534.) Specifically, Plaintiff argues that "the ALJ completely ignored how Ms. Scott supported her own opinions," which Plaintiff argues "was a violation of [20 C.F.R. § 416.920c] by itself . . . [but] was even more egregious when Ms. Scott provided so much support for her opinions." (*Id.* at PAGEID ## 1534-1535.)

In response, the Commissioner argues that "[t]he ALJ's consideration of Nurse Scott's opinion . . . was sufficient and his findings must be affirmed." (ECF No. 10 at PAGEID ## 1548-1554.) The Commissioner argues that the ALJ's decision must be read as a whole, as "[i]t

7

was only after considering all of [the other] evidence that the ALJ evaluated Nurse Scott's opinion," and "[i]n light of his decision as a whole, the ALJ's rationale regarding the supportability and consistency of Nurse Scott's opinion was more than sufficient." (*Id.* at PAGEID # 1553.)

Plaintiff's argument is well taken. It is particularly striking to the Undersigned that the Commissioner's primary argument is that "substantial evidence supports the ALJ's evaluation" of Ms. Scott's opinion. (ECF No. 10 at PAGEID # 1548.) To be clear, this is not the alleged error. Plaintiff does not argue that the ALJ's decision is not supported by substantial evidence, but rather that the ALJ did not follow 20 C.F.R. § 416.920c in his evaluation of Ms. Scott's opinion. (ECF No. 8 at PAGEID ## 1533-1534.) And on *this* point, the Commissioner has no substantive response. Instead, the Commissioner merely points to the medical evidence the ALJ chose to address, and concludes that "[i]t was only after considering all of [that] evidence that the ALJ evaluated Nurse Scott's opinion." (ECF No. 8 at PAGEID # 1553.)

But this only gets the Commissioner halfway, at most, because the Commissioner fails to address Plaintiff's argument that the ALJ's three-sentence discussion "completely ignored how Ms. Scott supported her own opinions." (ECF No. 8 at PAGEID # 1534.) As Plaintiff correctly notes, Ms. Scott's opinion is rife with internal support for her ultimate conclusion. (*Id.* (citing R. at 1494).) But the Commissioner completely overlooked this argument, and failed to explain how the ALJ adequately discussed the supportability of Ms. Scott's opinion. (R. at 44.)

Given this, it is well settled that the ALJ's failure to discuss the supportability of Ms. Scott's opinions requires remand, because "without fuller explanation, this court cannot engage in meaningful review of the ALJ's decision." *Reed v. Comm'r of Soc. Sec.*, No. 3:20-CV-02611-CEH, 2021 WL 5908381, at *6 (N.D. Ohio Dec. 14, 2021) (quoting *Todd v. Comm'r of Soc. Sec.*,

8

No. 3:20-cv-1374, 2021 WL 2535580, at *8 (N.D. Ohio June 3, 2021)); *see also Jacob B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-617, 2022 WL 130761, at *8 (S.D. Ohio Jan. 14, 2022) ("In the absence of a sufficient explanation of supportability and consistency with the record as a whole, the Court cannot conclude that the ALJ's consideration of Dr. Rush's opinion is supported by substantial evidence . . . . Accordingly, the ALJ's decision must be reversed and remanded for further proceedings to properly analyze Dr. Rush's medical opinions pursuant to 20 C.F.R. § 404.1520c."). Accordingly, Plaintiff's assignment of error is well taken.

## VI.   CONCLUSION

For these reasons, it is therefore, **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and The ALJ under Sentence Four of § 405(g).

## VII.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report,

9

which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

| | |
|---|---|
| **Date: August 7, 2024** | *s/ Elizabeth A. Preston Deavers* |
| | **ELIZABETH A. PRESTON DEAVERS** |
| | **UNITED STATES MAGISTRATE JUDGE** |